Susan **SCHERZER**, Plaintiff,

v.

**MIDWEST CELLULAR TELEPHONE COMPANY d/b/a Cellular One, et al., Defendants.**

Civ. A. No. 91–2473.

United States District Court,
D. Kansas.

Aug. 10, 1992.

Henry R. Cox, Peter T. Niosi, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

Mary V. Clarke, Mark P. Johnson, Spencer, Fane, Britt & Browne, Kansas City, Mo., Robert Stokes, Jr., Kelly Noonan, Monroe, Stokes, Eitelbach & Lawrence, Seattle, Wash., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendants' motion to dismiss (Doc. # 32). Therein, defendants request that the court: (1) dismiss the portions of Counts I through III which demand a jury trial and seek the recovery of compensatory and punitive damages pursuant to the Civil Rights Act of 1991; (2) dismiss the portion of Count IV which demands a jury trial for plaintiff's claim pursuant to the Kansas Act Against Discrimination ("KAAD"); and (3) dismiss Count VIII, which asserts a state law claim of retaliatory discharge under the public policy expressed in the KAAD. For the reasons set forth below, defendants' motion will be granted.

*Counts I through III: Title VII*

█ In Counts I through III of her complaint, plaintiff asserts causes of action pursuant to Title VII of the Civil Rights Act of 1964. Specifically, Count I alleges that plaintiff was discriminated against because of sex and pregnancy, Count II alleges a claim for sexual harassment due to sex and pregnancy, and Count III alleges a claim for gender-based discrimination. With respect to each of these counts, plaintiff "requests that all issues of fact . . . be

tried by a jury," and seeks the recovery of compensatory and punitive damages.

In their motion to dismiss, defendants contend that the Civil Rights Act of 1991 ("the Act"), which plaintiff relies upon in asserting her requests for a jury trial and for compensatory and punitive damages, does not apply in this case because the conduct which gave rise to the plaintiff's claims occurred prior to November 21, 1991, the effective date of the statute.[1] In response, plaintiff argues that the instant case was not filed until December 24, 1991, "over one month after the [Act] came into law." Accordingly, plaintiff argues, "[t]he Act does not need retroactive application to apply to a matter filed after its effective date."

As the parties are well aware, this court has previously held that the Act does not apply retroactively. *See Bullock v. Dillard Dept. Stores,* No. 91–2474, 1992 WL 167015 (D.Kan., June 1, 1992); *Maxwell v. Handicapped Educ. & Living Programs, Inc.,* No. 91–2387, 1992 WL 97801 (D.Kan., March 12, 1992); *Lange v. Cigna Ind. Fin. Serv. Co.,* No. 90–2053, 1992 WL 66322 (D.Kan., Feb. 12, 1992). In light of the unique circumstances of this case, however, the court finds it necessary to briefly revisit the retroactivity issue.[2]

Clearly, the question of whether the Act applies retroactively, in whole or in part, is far from being conclusively resolved. As of this date, the Tenth Circuit has not addressed the issue. According to the court's research, approximately four circuit courts and the EEOC have addressed the issue, with each one concluding that the Act does not apply to conduct occurring before the effective date of the Act. *See Johnson v. Uncle Ben's, Inc.,* 965 F.2d

1363 (5th Cir.1992); *Luddington v. Indiana Bell Telephone Co.,* 966 F.2d 225 (7th Cir.1992); *Mozee v. American Commercial Marine Serv. Co.,* 963 F.2d 929 (7th Cir.1992); *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir.1992); *Vogel v. City of Cincinnati,* 959 F.2d 594 (6th Cir.1992); EEOC Notice No. 915.002 (December 27, 1991). Despite this agreement, however, none of the above-cited cases were filed after the effective date of the Act. Moreover, the Seventh Circuit, in *Luddington* and *Mozee,* raised the possibility that a different rule might apply to cases filed after the effective date of the Act. Specifically, the panel in *Luddington* limited its holding to suits "brought before the effective date," 966 F.2d at 230, while a separate panel in *Mozee* discussed, in dicta, the possibility that the procedure and damage provisions of the Act might apply to cases filed after the effective date of the Act. *See Mozee,* 963 F.2d at 939–40.

The court's research has located three district court opinions which have addressed the retroactivity issue in cases which were filed after the effective date of the Act. *See Jaekel v. Equifax Mktg. Systems, Inc.,* 797 F.Supp. 486 (E.D.Vir.1992); *Crumley v. Delaware State College,* 797 F.Supp. 341 (D.Del.1992); *Great American Tool & Mfg. v. Adolph Coors Co., Inc.,* 780 F.Supp. 1354 (D.Colo. Jan. 16, 1992).

In *Great American,*[3] the court, apparently relying on section 402(a) of the Act,[4] concluded that there was "no issue of retroactive application" because "[t]he Act took effect on November 21, 1991 and, thus, it governs all actions filed after that date."

---

1. Plaintiff's employment with the defendants ended on March 9, 1991. Although plaintiff contends that she is still suffering the "effects" of the defendants' alleged discrimination, it is clear that any discriminatory conduct occurred no later than March 9, 1991, and was thus subsequent to the effective date of the Act.

2. Although *Bullock* also involved pre-Act conduct and post-Act filing, the plaintiff therein did not attempt to distinguish the case from cases filed prior to the Act.

3. Plaintiff heavily relies on *Great American* in her brief in response to the motion to dismiss.

4. Section 402(a) of the Act provides as follows:
   Effective Date
   (a) In General—Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

In contrast, the other two cases, *Jaekel* and *Crumley,* concluded that the meaning of the effective date in section 402(a) of the Act was ambiguous. *See Jaekel,* 797 F.Supp. at 489; *Crumley,* 797 F.Supp. at 343–345. Accordingly, both courts analyzed the retroactivity question under the framework of *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), two conflicting lines of cases dealing with the retroactivity of newly enacted federal statutes.[5]

The court in *Jaekel* first noted that, "[r]ead together *Bowen,* viewed broadly, and *Bradley,* viewed narrowly, illustrate the 'venerable rule of statutory interpretation' that 'statutes affecting substantive rights and liabilities are presumed to have only prospective effect.'" 797 F.Supp. at 492 (citing *Bennett v. New Jersey,* 470 U.S. 632, 639, 105 S.Ct. 1555, 1560, 84 L.Ed.2d 572 (1985)). Continuing, the court noted that "where, as here, legislative intent is not clearly expressed, the threshold issue in the retroactivity analysis is whether a new law affects substantive, vested rights and liabilities...." *Id.* The court then concluded that section 102 of the Act, providing for a trial by jury and compensatory and punitive damages, "does not implicate substantive rights and liabilities." *Id.* Accordingly, the court held that section 102 of the Act "applies ... where defendant's conduct occurred before the Act's effective date, but plaintiffs filed their complaint afterwards." *Id.* at 494.

In *Crumley,* the court noted the Third Circuit's attempted reconciliation of *Bradley* and *Bowen* and the resulting observation that legislation must be considered addressed to the future when "'the new law would affect rights or obligations existing prior to the change in the law.'" 797 F.Supp. at 349 (citing *Davis v. Omitowoju,*

883 F.2d 1155, 1170–71 (3d Cir.1989). The court then concluded that the Third Circuit would accept the Seventh Circuit's reconciliation of the *Bradley/Bowen* conflict which held that "'[a]ny tension between the two lines of precedent is negated because, under *Bradley,* a statute will not be deemed to apply retroactively if it would threaten manifest injustice by disrupting vested rights.'" *Id.* (citing *Federal Deposit Ins. Corp. v. Wright,* 942 F.2d 1089, 1095 n. 6 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1937, 118 L.Ed.2d 544 (1992)). Accordingly, the court employed the "manifest injustice" test outlined in *Bradley* to decide whether retroactive application of the Act would affect "'rights or obligations prior to the change in law.'" *Id.* (citing *Davis,* 883 F.2d at 1170).

After carefully considering the three factors set forth in *Bradley* (the nature and identity of the parties, the nature of their rights, and the nature of the impact of the change in law upon those rights), the *Crumley* court reached the following conclusion:

At bottom, the Court concludes passage of section 102 of the 1991 Act does not alter a plaintiff's right to be free from discrimination as that right existed prior to the Act's enactment; passage of the Act does, however, impose a new obligation on a defendant to pay compensatory and punitive damages. Accordingly, the Court concludes that to apply the 1991 Act retroactively would impact substantially on defendant's previous rights, but would not impact on plaintiff's continuing right to be free from discrimination. Moreover, retroactive application of the 1991 Act cannot deter discriminatory conduct which occurred prior to the passage of the Act. Accordingly, the Court will not apply retroactively the compensatory and punitive damages provisions of section 102.

**5.** In *Bradley,* the Supreme Court articulated the proposition that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." 416 U.S. at 711, 94 S.Ct. at 2016. In contrast, in *Bowen,* the Court reaffirmed the longstanding rule that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." 488 U.S. at 208, 109 S.Ct. at 471.

Although the right to a jury trial is procedural in nature, (citation omitted), and should arguably be applied retroactively, this Court will nonetheless prohibit plaintiffs from demanding a jury trial because the only relief remaining available to plaintiffs is equitable in nature. (Citations omitted.)

797 F.Supp. at 352.[6]

Having carefully reviewed *Crumley*, *Jaekel* and *Great American*, the court makes the following observations. First, the court simply cannot agree with *Great American*'s sole reliance on the language of the Act. As noted by the court in *Jaekel*, "arguments that focus on the statutory language of the 1991 Act sidestep significant concerns underlying the issue of the retroactive application of statutes to past conduct." 797 F.Supp. at 490. As for *Jaekel* and *Crumley*, the court finds the analysis therein more satisfying. However, the court must ultimately reject *Jaekel*'s conclusion that section 102 of the Act does not implicate substantive rights and liabilities. Rather, the court agrees with the court in *Crumley* that section 102 of the Act, by exposing a defendant to compensatory and punitive damages, substantially impacts the rights of a defendant as they existed prior to the enactment of the Act. *See also Luddington*, 966 F.2d at 229 (holding that the Act's changes in remedies and procedures are more than "merely technical changes" and "can have as profound an impact on behavior outside the courtroom as avowedly substantive changes."). Further, the court agrees with the conclusion in *Crumley* that "the fortuitous or strategic moment when suit is filed in federal court makes no difference" on

the issue of retroactivity. 797 F.Supp. at 352. Rather, "of crucial import is the law at the time the conduct occurred compared with the law as written in the 1991 Act." *Id.*

For these reasons, the court hereby adopts the reasoning set forth in *Crumley*, and concludes that the plaintiff herein is not entitled to retroactive application of section 102 of the Act.[7] Accordingly, plaintiff's requests for a jury trial and for compensatory and punitive damages in Counts I through III are hereby dismissed.

*Count IV: KAAD*

■ In Count IV of her complaint, plaintiff alleges claims of sex discrimination, gender-based discrimination, sexual harassment, and pregnancy-based discrimination under the KAAD and demands a jury trial on these claims. Defendants request that plaintiff's demand for a jury trial be stricken. In support of their request, defendants cite *Best v. State Farm Mut. Auto. Ins. Co.*, 953 F.2d 1477 (10th Cir.1991), in which the Tenth Circuit analogized the KAAD to Title VII and concluded that the KAAD does not provide a right to trial by jury. *Id.* at 1482.

The court will sustain defendants' request and dismiss plaintiff's demand for a jury trial on her claims pursuant to the KAAD. Although the validity of *Best* is now questionable with respect to KAAD claims based upon conduct occurring after the effective date of the Civil Rights Act of 1991, the court finds that it clearly applies where, as here, the challenged conduct occurred prior to the effective date of the Act.[8]

---

**6.** In *Crumley*, the court addressed the retroactivity issue in three pending cases. Although the above-cited language was specifically directed to a case filed prior to the enactment of the Act, the court concluded that the same analysis would apply regardless of whether the case was filed before or after the enactment date. *Id.* at 352.

**7.** In adopting the *Crumley* analysis, the court notes that it is unclear whether the Tenth Circuit's holding in *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*, 911 F.2d 1377, 1388–92 (10th Cir.1990) (electing to follow *Bowen* rather than *Bradley* ), is applicable where, as here, the

statute at issue was enacted prior to the filing of the case. Assuming, arguendo, that it is applicable, the court would ultimately reach the same conclusion on the retroactivity issue. Specifically, the *Bowen* presumption of prospective application would apply because § 102 of the Act is substantive rather than procedural. *Cf. Arnold v. Maynard*, 942 F.2d 761, 762 n. 2 (10th Cir.1991).

**8.** The court makes no attempt to decide the question of whether *Best* applies to claims brought pursuant to the KAAD based upon conduct occurring after the effective date of the Act.

*Count VIII: Retaliatory Discharge*

█ In Count VIII of her complaint, plaintiff asserts a claim of retaliatory discharge. Specifically, the claim is set forth in the complaint as follows:

60. The KAAD establishes a public policy in Kansas that makes it against said public policy to discriminate against individuals in their employment due to their sex or due to a female's pregnancy.

61. Defendants, by their actions, have breached the public policy of the State of Kansas by discriminating against plaintiff on the basis of her sex and her pregnancy.

62. Plaintiff's involuntary termination of employment was a direct result of this discrimination and in violation of public policy, and a retaliatory discharge.

Defendants, in their motion to dismiss, contend that this claim is preempted by the provisions of the KAAD. Accordingly, defendants ask the court to dismiss the claim.

The court agrees with defendants. In *Polson v. Davis*, 895 F.2d 705 (10th Cir. 1990), the Tenth Circuit held that the "KAAD provides an adequate and exclusive state remedy for violations of the public policy enunciated therein." *Id.* at 709. As is clear from plaintiff's complaint, her retaliatory discharge is based upon public policy established in the KAAD. Her retaliatory discharge claim will therefore be dismissed.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. # 32) is hereby granted.