William E. SLOAN, Plaintiff,

v.

The BOEING COMPANY,
et al., Defendants.

John KALINOWSKI, Plaintiff,

v.

The BOEING COMPANY,
et al., Defendants.

Civ. A. Nos. 92–1014–B, 92–1183–B.

United States District Court,
D. Kansas.

Sept. 25, 1992.

---

**1.** Whether Kimbrells committed fraud and whether PSI breached the Stock Purchase Agreement.

William L. Fry, Wichita, Kan., for plaintiff.

Mary K. Babcock, Gaye B. Tibbets, Foulston & Siefkin, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on plaintiffs' motion (Doc. 27) to amend complaint, pursuant to Fed.R.Civ.P. 15. The complaint seeks to add a claim under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

■ The plaintiffs are two white males who were both employed by Boeing. Sloan alleges he was wrongfully discharged and Kalinowski[1] alleges he was wrongfully demoted, each on account of his race.

Local Rule 206(e) provides:

In addition to the other requirements of this rule, a motion to amend shall set forth a concise statement of the amendment sought to be allowed, and a copy of the proposed amended pleading shall be attached.

Kalinowski has failed to supply the court with a copy of his proposed amendment. The court will not attempt to consider the propriety of the amendment without actually seeing it. Kalinowski's motion to amend his complaint is denied for failure to comply with Local Rule 206(e).

Sloan has not fully complied with the local rule. Although he attached a statement of his amendment, he did not include a copy of an amended complaint. Since the court has a copy of the amendment and knows it merely supplements the original complaint, the court will proceed to rule on the motion. The court cautions Sloan that full compliance with the local rules of this court will be expected in the future.

■ Fed.R.Civ.P. 15(a) permits a party to amend its pleading upon leave of the court, and leave "shall be freely given when justice so requires." A district court is justified in denying leave to amend if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448 (10th Cir.1990).

In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court construed 42 U.S.C. § 1981 to prohibit racial discrimination in the making and enforcement of contracts. *Id.* at 171, 109 S.Ct. at 2370. The Court found § 1981 "does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." *Id.* The Tenth Circuit subsequently interpreted *Patterson* to foreclose a plaintiff from asserting a discriminatory discharge claim under § 1981. *Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 976 (10th Cir.1991).

In response to *Patterson* and six other Supreme Court opinions[2] rendering a narrow construction to various civil rights statutes, Congress enacted the Civil Rights Act of 1991. The Act legislatively overrules these cases. President Bush signed the Act into law on November 21, 1991.

■ This court has previously held the Civil Rights Act of 1991 does not apply retroactively. *Little v. Wichita Coca-Coca Bottling Company*, No. 91–1205–B,

---

1. Kalinowski was represented by counsel at the time this motion was filed. The court has subsequently granted permission for Kalinowski's counsel to withdraw.

2. *Matrin v. Wilks*, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989); *Lorance v. AT & T Technologies, Inc.*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989); *Wards Cove Packing Co.*

*v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *West Virginia Univ. Hospitals Inc. v. Casey*, —— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *EEOC v. Arabian Am. Oil Co.*, —— U.S. ——, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991).

1992 WL 223758 (D.Kan., August 12, 1992).[3] This motion presents a variation on our previous opinion: whether the Civil Rights Act of 1991 applies retroactively to cases where the actionable conduct occurred prior to the effective date of the Act but where the lawsuit was filed after the effective date of the Act.

We begin our analysis by considering the language of the statute. *DeVargas v. Mason & Hanger–Silas Mason Co.*, 911 F.2d 1377, 1384 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991).

Section 402(a) of the Act provides:

"Except as otherwise provided, this Act and the amendments made by this Act shall take effect upon enactment."

This language is capable of different interpretations. It can be argued that it requires employers to bring their employment practices into compliance with the new law on the day the Act was passed, in which case the Act would not apply to conduct occurring prior to the effective date of the Act. However, it can also be argued that the above quoted language of § 402(a) means that the requirements of the Act apply to every case filed after its effective date. Unfortunately, the legislative history of the Act provides little if any guidance to assist the court in its determination. *See e.g.,* 137 Cong.Rec. S15,483 (daily ed. Oct. 30, 1991); 137 Cong.Rec. S15,485 (daily ed. Oct. 30, 1991.)

In our previous opinion in *Little* we discussed the conflicting lines of Supreme Court precedent on the subject of retroactivity represented by the cases of *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) and *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). In accordance with Tenth Circuit precedent, we elected to follow the *Bowen* presumption and found against the retroac-

tive application of the Act unless there is a clear indication that Congress intended the contrary result. *DeVargas v. Mason & Hanger–Silas Mason Co.*, 911 F.2d 1377, 1392 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). However, retroactivity questions arise under the Act in varying degrees. *Bowen* does not definitively answer our inquiry.

In *Luddington v. Indiana Bell Telephone Co.*, 966 F.2d 225 (7th Cir.1992), the court undertook a comprehensive analysis of the retroactivity issue which this court finds instructive. The precise issue raised in *Luddington* was whether the Act applied retroactively to a case filed before the effective date of the statute, but not completed by that date, that arose from conduct prior to that date. The court's discussion of retroactivity is nonetheless relevant to the present motion.

The court noted the traditional conception that the law should confine its prohibitions and regulations to future conduct so that persons subject to the law can conform their conduct to the law. Although the court recognized this concept was not absolute, it believed it was the right policy for the courts to follow absent other guidance. *Id.* at 227–28.

Since the court was addressing only the presumption against retroactive application, it proceeded to discuss whether the new amendments were procedural or substantive changes. If the changes could be characterized as merely technical (i.e. procedural), the presumption against retroactive application would be rebutted. *Id.* at 228–29. The court found the amendments did more. By changing the remedies, procedures, and evidence applicable in civil rights cases, the new Act effected a change in behavior as significant as would occur under an avowedly substantive change. In the case of § 1981, the new amendments made actionable conduct previously not covered by the statute and subjected em-

---

**3.** Our brethren in this district have reached the same conclusion. *Steinle v. The Boeing Co.,* 785 F.Supp. 1434 (D.Kan.1992) (Judge Crow); *Lange v. Cigna,* 1992 WL 66322, 1992 LEXIS 5734 (D.Kan. February 12, 1992) (Judge O'Connor); *Johnson v. Mast Advertising and Publishing, Inc.,* 1992 WL 41352, 1992 LEXIS 2860 (D.Kan. February 10, 1992) (Judge Lungstrom); *Simons v. Southwest Petro–Chem, Inc.,* 1992 WL 25218, 1992 LEXIS 1842 (D.Kan. January 22, 1992) (Judge Van Bebber).

ployers to greater liabilities. *Id.* at 229. The court believed that the amount of care employers would take to avoid liability depends on the severity of the penalty for noncompliance. Thus, it concluded that the amendments applied only to conduct that occurred after the effective date of the Act. *Id.; Boyce v. Fleet Finance, Inc.,* 802 F.Supp. 1404 (E.D.Va.1992).

This conclusion applies with full force to the present motion. The defendants are entitled, in our view, to tailor their conduct to the prevailing state of the law. It is important in the business world for employers to rely on the expectation that their actions, lawful at the time they were taken, will not subsequently subject them to liability. At the time of Sloan's discharge, the conduct alleged in the complaint did not violate § 1981. *Trujillo,* 928 F.2d at 976. His amended complaint therefore cannot withstand a motion to dismiss.

IT IS THEREFORE ORDERED that Sloan and Kalinowski's motion (Doc. 27) to amend their complaints to add a claim under 42 U.S.C. § 1981 is denied.