Marcell E. DENMON, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendant.

Civ. A. No. 92–2144–EEO.

United States District Court, D. Kansas.

Oct. 28, 1993.

M.J. Willoughby, Stinson, Mag & Fizzell, Overland Park, KS, Lisa C. Creighton, Sprint Communications Co., L.P., Law Dept., Kansas City, MO, for plaintiff.

Robert A. Olsen, Office of U.S. Atty., Kansas City, KS, Gay L. Tedder, Asst. U.S. Atty., Civ. Div., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter comes before the court on plaintiff's motion for review of a magistrate's order[1] pursuant to Federal Rule of Civil Procedure 72(a) (Doc. # 116). Defendant opposes the motion.

On April 23, 1993, the magistrate entered an order denying plaintiff's motion to amend his complaint to assert a claim for compensatory damages and a jury trial pursuant to the Civil Rights Act of 1991 (Doc. # 96). On June 14, 1993, the magistrate denied plaintiff's motion to reconsider its April 23, 1993, order (Doc. # 113).

## STANDARD OF REVIEW

■ The standard of review of a magistrate's order is set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). 28 U.S.C. § 636(b)(1)(A) provides in pertinent part:

A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

Federal Rule of Civil Procedure 72(a) provides in part:

Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the

magistrate's order found to be clearly erroneous or contrary to law.

A district court reviews a magistrate's decision on a motion for leave to file an amended complaint under a "clearly erroneous or contrary to law" standard. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461–62 (10th Cir.1988); *Zurn Constructors, Inc. v. B.F. Goodrich Co.,* 746 F.Supp. 1051, 1054 (D.Kan.1990). The clearly erroneous standard requires the district court to affirm the magistrate's order unless the district court has the definite and firm conviction from all the evidence that error has occurred. *Ocelot,* 847 F.2d at 1464.

## ANALYSIS

■ Federal Rule of Civil Procedure 15(a) governs the right of a party to amend the party's pleadings. It provides, in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* (Emphasis added.)

A court may deny leave to amend, however, where the amendment would be futile. *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 [1962] ). If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, then the court is clearly justified in denying an amendment on futility grounds. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir.1992) (quoting *Schepp v. Fremont County,* 900 F.2d 1448, 1451 [10th Cir.1990] ).

■ Plaintiff, in his proposed second amended complaint, seeks to recover com-

---

**1.** Plaintiff has captioned this motion "Objections to Magistrate's Denial of Plaintiff's Motion for Leave to File a Second Amended Complaint".

pensatory damages in the amount of $300,000.00, and also demands a jury trial. Plaintiff bases these proposed amendments upon the Civil Rights Act of 1991.

The United States District Court for the District of Kansas has consistently held that the Civil Rights Act of 1991 does not apply retroactively to lawsuits filed before the effective date of the Civil Rights Act of 1991. *Little v. Wichita Coca–Cola Bottling Co.,* 1992 WL 223758 (D.Kan. Aug. 12, 1992) (J. Belot); *Steinle v. The Boeing Co.,* 785 F.Supp. 1434 (D.Kan.1992) (J. Crow); *Lange v. Cigna,* 1992 WL 66322 (D.Kan. Feb. 12, 1992) (J. O'Connor); *Johnson v. Mast Advertising and Publishing, Inc.,* 1992 WL 41352 (D.Kan. Feb. 10, 1992) (J. Lungstrum); *Simons v. Southwest Petro–Chem, Inc.,* 1992 WL 25218 (D.Kan. Jan. 22, 1992) (J. Van Bebber). We have also held that the Civil Rights Act of 1991 does not retroactively apply to cases where the actionable conduct occurred prior to the effective date of the Civil Rights Act of 1991 but where the lawsuit was filed after the effective date. *Sloan v. Boeing Co.,* 802 F.Supp. 384 (D.Kan.1992); *Scherzer v. Midwest Cellular Tel. Co.,* 797 F.Supp. 914, 914–17 (D.Kan.1992). In the instant case, all alleged discriminatory conduct complained of occurred before November 21, 1991, the effective date of the Civil Rights Act of 1991. Plaintiff's complaint alleges that plaintiff was discharged from employment effective May 19, 1989. Termination of that employment, the last allegedly discriminatory act about which plaintiff complains, occurred more than a year before the Civil Rights Act of 1991 took effect. Plaintiff filed his original complaint on July 3, 1991, also well before the effective date of the Civil Rights Act of 1991.

Plaintiff concedes that cases in this district, as well as other circuits, have held the Civil Rights Act of 1991 not retroactive. However, he contends that because the United States Supreme Court has granted certiorari to review a case[2] involving the retroactivity of the Civil Rights Act of 1991, this flux in the state of the law somehow justifies including in his complaint a demand for compensatory damages and a jury trial. In his motion for reconsideration of the magistrate's order, plaintiff asserts, as additional grounds, that on April 30, 1993, the United States Department of Justice publicly reversed its position concerning the application of the Civil Rights Act of 1991 to pending discrimination cases, and now urges the United States Supreme Court to hold that the Civil Rights Act of 1991 applies to cases pending when the Act took effect on November 21, 1991. Plaintiff notes that this change in Justice Department policy occurred after the magistrate rendered his decision denying plaintiff's Motion for Leave to File a Second Amended Complaint, and claims that this "unanticipated 180 degree change in position by the Justice Department constitutes 'newly discovered evidence'" warranting reconsideration of the magistrate's order.

The magistrate judge, among other reasons, denied plaintiff's motion on the grounds that the motion was speculative:

> [The court] may as readily assume that the Supreme Court would hold the 1991 statute not retroactive as to assume otherwise. Plaintiff provides no good reason, and the court otherwise knows of none, for abandoning the present decisions of this District and assuming that a review of the issue would probably result in a new or different rule.

Magistrate's Memorandum and Order of April 23, 1993, at 2. In overruling plaintiff's motion for reconsideration, the magistrate held:

> Although such evidence [the Justice Department's change in policy] was apparently unavailable to the parties and to the court at the time of the previous ruling, its availability at that time would not have changed the ruling on the motion. The new evidence does not alter the speculative

---

**2.** On February 22, 1993, the United States Supreme Court granted certiorari in a Fifth Circuit court of appeals decision, *Landgraf v. USI Film Products,* 968 F.2d 427 (5th Cir.1992). In that case, the Supreme Court will decide whether the jury trial and compensatory and punitive damages provisions of the Civil Rights Act of 1991 apply to Title VII cases pending at the time the Civil Rights Act of 1991 became effective. *See* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (U.S.1993).

nature of the motion to amend. Nor does it demonstrate a change of the decisions in this district.

Magistrate's Memorandum and Order of June 14, 1993, at 3.

In light of the state of the law in this district and the magistrate's foregoing reasoning, it cannot be said that the magistrate's decision was "clearly erroneous or contrary to law."

■ Regardless of the aforesaid, the magistrate's order was proper. Plaintiff's motion for leave to file a second amended complaint was filed on March 22, 1993. The October 23, 1993, amended scheduling order required all amended pleadings be filed by December 30, 1992. Because plaintiff's motion for leave to amend is untimely under the pretrial scheduling order in this case, we not only must determine if the Federal Rule of Civil Procedure 15(a) standards have been satisfied, but we also must determine if "good cause" has been shown within the meaning of Federal Rule of Civil Procedure 16(b). *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir.1990). To establish "good cause," the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence. *Pfeiffer v. Eagle Mfg. Co.,* 137 F.R.D. 352, 355 (D.Kan.1991); *see also* Advisory Committee Note to 1983 Amendment to Fed. R.Civ.P. 16. From a review of the entire record, we conclude that good cause has not been shown.

IT IS THEREFORE ORDERED that with respect to plaintiff's Objections to Magistrate's Denial of Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. # 116), the magistrate's order is affirmed.