**SITHON MARITIME COMPANY,**
Plaintiff,

v.

**HOLIDAY MANSION, a Division of Mohawk, Inc., and Mercury Marine, a Division of Brunswick Corporation, Defendants.**

**No. CIV. A. 96–2262–EEO.**

United States District Court,
D. Kansas.

Jan. 7, 1998.

Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, Michael G. Chalos, Richard M. Ziccardi, George J. Tsimis, New York City, for plaintiff.

Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, KS, Anthony F. Rupp, Andrew M. DeMarea, Shughart, Thomson & Kilroy, Overland Park, KS, for Holiday Mansion.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Alex B. Marconi, Patrick X. Fowler, Snell & Wilmer, L.L.P., Phoenix, AZ, for Mercury Marine.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on plaintiff's motion for reconsideration of the court's October 22, 1997 Memorandum and Order (Doc. # 174) and plaintiff's motion for leave to file an amended complaint (Doc. # 176). After careful consideration of the parties' briefs and evidentiary materials, the court is prepared to rule. For the reasons stated below, plaintiff's motion for reconsideration is denied and plaintiff's motion to amend is granted.

## I. Sithon's Motion For Reconsideration.

### A. *Motion For Reconsideration Standards.*

 A motion for reconsideration is the opportunity for the court to (1) correct manifest errors of law or fact; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in the law. *See Cross Timbers Oil Co. v. Rosel Energy, Inc.,* 168 F.R.D. 649, 650 (D.Kan. 1996) (citing *Major v.. Benton,* 647 F.2d 110, 112 (10th Cir.1981)). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *See Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir.1991). The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

### B. *Analysis.*

The factual background of this matter is set forth in the court's October 22 Order and is incorporated by reference. Sithon Maritime Company ("Sithon") alleges in count IX of its complaint that Mercury Marine ("Mercury") breached its contract with Sithon to repair and correct the mechanical problems with the propulsion systems in the Summer of 1995. The court previously granted Mer-

cury's motion for summary judgment on this claim. *See* Oct. 22 Order at 12–14. Sithon now moves for reconsideration based on the same evidence and arguments it previously advanced to the court in its opposition papers to Mercury's motion for summary judgment.

Sithon bears the burden of proof to show the execution and existence of a contract for repairs with Mercury. *See Van Brunt v. Jackson,* 212 Kan. 621, 623, 512 P.2d 517, 520 (1973). The Kansas Supreme Court has held repeatedly that "[i]n order to form a binding contract, there must be a meeting of the minds on all essential terms." *Albers v. Nelson,* 248 Kan. 575, 580, 809 P.2d 1194, 1198 (1991); *see Sidwell Oil & Gas Co., Inc. v. Loyd,* 230 Kan. 77, 79, 630 P.2d 1107, 1110 (1981). "To constitute a meeting of the minds there must be a fair understanding between the parties which normally accompanies mutual consent and the evidence must show with reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract." *Sidwell,* 230 Kan. at 84, 630 P.2d at 1113 (quoting *Steele v. Harrison,* 220 Kan. 422, 428, 552 P.2d 957, 962 (1976)). "Only reasonable certainty is required in a purported contract, but where the purported contract is so vague and indefinite that the intentions of the parties cannot be ascertained, it is unenforceable." *Mohr v. State Bank of Stanley,* 244 Kan. 555, 573, 770 P.2d 466, 480 (1989) (citing *Jack Richards Aircraft Sales, Inc. v. Vaughn,* 203 Kan. 967, 971, 457 P.2d 691 (1969)).

▆▆▆ Once again, we have analyzed carefully all of the evidence Sithon referenced in support of its contract for repair claim. Sithon referenced at least 53 statements of fact in its original summary judgment opposition brief as support for its claim that a contract to repair existed between Sithon and Mercury. Now, Sithon requests the court to review 21 of the 53 statements of fact for evidence of a contract to repair sometime in the Summer of 1995. Sithon's vague reference to the facts is illustrative of the vagueness of the terms and execution of the alleged contract. Sithon apparently claims that the terms of the contract were that Mercury would repair the engines on Sithon's boats in exchange for Sithon's agreement not to pursue legal action against Mercury. Sithon has presented the following relevant evidence in support of its claim:

1. On June 5, 1995, Holiday Mansion sent Mercury a letter stating that Sithon is ready to go to the American Embassy and their lawyers regarding the problems with the boats.

2. A Mercury representative stated in a June 5, 1995 internal memorandum that Mercury is willing to do a customer relations repair on the boats at no cost to Sithon or Holiday Mansion.

3. On June 12, 1995, Mr. Vagianos of Sithon sent a letter to Holiday Mansion requesting Holiday Mansion to take "all necessary arrangements so that they [Mercury] keep their promise."

4. A Mercury representative told a Sithon representative in July 1995 that the new Bravo III engines would allow the engines to work at the correct RPM.

5. Mr. LeClerre of Mercury's Belgium office told Mr. Vagianos of Sithon in the Summer of 1995 that "I'm here, Mr. Vagianos, to repair the engines." [1]

---

1. Sithon also claims that it expects to receive additional evidence in support of its claim for a contract to repair if the court grants even a portion of its two pending motions to compel. Sithon apparently made no attempt, however, to follow the procedure set forth in Rule 56(f) of the Federal Rules of Civil Procedure for requesting the court to postpone ruling on Mercury's pending summary judgment motion. Sithon chose to file its opposition memorandum on May 16, 1997, and its surreply memorandum on July 25, 1997, with the information it had available at the time. Sithon filed motions to compel on June 27 and October 6, 1997, but failed to specifically notify the court that additional discovery was necessary for Sithon to oppose Mercury's summary judgment motion. Nevertheless, Sithon's argument regarding possible additional evidence is premature because Magistrate Judge Rushfelt has not ruled on the pending motions to compel. Sithon may file an appropriate motion when and if it receives additional supporting evidence pursuant to court order. At this time, however, Sithon has failed to present evidence of two

We find that no reasonable trier of facts could find the necessary "meeting of the minds" between Sithon and Mercury based on the evidence presented by Sithon. There is no evidence to show with reasonable certainty that the minds of the parties met upon the same matter and agreed upon the terms of the contract. *See Sidwell*, 230 Kan. at 84, 630 P.2d at 1113. Notably, only two of the above facts refer to direct conversations between Sithon and Mercury representatives. These conversations, however, establish only Mercury's willingness to repair the engines. Proof of a manufacturer's willingness to repair a warranted product alone is insufficient as a matter of law to establish that an independent contract to repair was created. In sum, the court finds that the alleged contract is so vague and indefinite that a reasonable trier of facts could not ascertain the intentions of the parties. *See Mohr*, 244 Kan. at 573, 770 P.2d at 480.

■ Mercury argued in its initial summary judgment memorandum that there was no consideration for the alleged contract to repair. The court did not address this issue in its October 22 Order. On reconsideration, however, we conclude that Sithon has failed to present sufficient evidence of consideration to support the alleged contract to repair. Every legally enforceable contract must be supported by adequate consideration. *See Dugan v. First Nat'l Bank*, 227 Kan. 201, 211, 606 P.2d 1009, 1017 (1980). In Kansas, "[m]ere forbearance from suit [ ] without an agreement to do so is not legal consideration." *State ex. rel. Ludwick v. Bryant*, 237 Kan. 47, 47, 697 P.2d 858, 859, syl. ¶ 4 (1985); *see Master Mortgage Investment Fund, Inc. v. Chicago Title Ins. Co.*, 34 F.3d 1076, 1994 WL 481228, at *3 (10th Cir.1994); 17A Am.Jur.2d (Rev.) Contracts § 156 at 172 (1991). Forbearance by one party from exercising its legal rights without any agreement is insufficient because the party "may at any moment and at [its] own pleasure proceed" with exercising its legal rights. *See Union Nat'l Bank v. Schimke*, 210 N.W.2d 176, 179 (N.D.1973). Here, Sithon has failed to present any evidence that it agreed that it would not commence legal proceedings while Mercury attempted to repair the boats. From the evidence presented, Sithon apparently retained the right to sue Mercury throughout the Summer of 1995.

Sithon argues, relying on *Temmen v. Kent–Brown Chevrolet Co.*, 217 Kan. 223, 535 P.2d 873 (1975), that its decisions to forebear commencing legal proceedings against Mercury and to forebear seeking assistance from another engine manufacturer constitute adequate consideration for the alleged agreement to repair. In *Temmen*, plaintiff submitted his affidavit stating that he expressly told defendant that if the repairs on his automobile could not be done under warranty, then plaintiff would have the work done elsewhere. 217 Kan. at 225, 535 P.2d at 876. Plaintiff also stated in an affidavit that defendant told him that the work would be done under warranty. *Id.* Plaintiff asserted that he gave up the right to attempt to receive a better bargain elsewhere as consideration for defendant's agreement to do the repair work under warranty. 217 Kan. at 231, 535 P.2d at 880. The Kansas Supreme Court held that plaintiff had made a sufficient showing of consideration, although tenuous, to survive summary judgment. 217 Kan. at 231–32, 535 P.2d at 880–81. Sithon has not come forward with analogous evidence to the *Temmen* case. First, Sithon has not presented any evidence that it specifically told Mercury that if the repairs were not done under warranty or without charge to Sithon that Sithon would commence legal proceedings against Mercury or have the engines serviced elsewhere. In addition, Sithon has not presented any evidence that Mercury agreed to do the repairs in exchange for Sithon's promise not to commence legal proceedings or have the engines serviced elsewhere. Sithon's undisclosed, unilateral intentions to forebear suing Mercury while Mercury attempted to repair the engines are insufficient to establish consideration for the alleged contract.

We conclude that Sithon has failed to present sufficient evidence for a reasonable trier of facts to find either consideration for a contract to repair or any meeting of the minds for such a contract. Accordingly, Si-

essential elements for an enforceable contract—a meeting of the minds and consideration.

thon's motion for reconsideration as to count IX is denied. For the same reasons as those explained in the court's October 22 Order, Sithon's motion for reconsideration with respect to its claims against Mercury of express warranty (count II) and breach of the covenant of good faith and fair dealing (count V) is denied.[2]

The court previously denied Sithon's request to amend its complaint to add a new fraud claim. *See* Oct. 22 Order at 27–28. Sithon requests reconsideration of this ruling. The court will deny Sithon's request for reconsideration for the reasons discussed in the court's October 22 Order. The court will consider Sithon's arguments, however, with respect to its motion for leave to amend its complaint, discussed below.

## II. Sithon's Motion For Leave To Amend Its Complaint.

■ Sithon has renewed its request to amend its complaint to add a new fraud claim, proposed count X. Leave to amend is a matter committed to the sound discretion of the district court. *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127 (10th Cir.1987). Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...." "In the absence of a specific factor, such as flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend." *Lange v. Cigna Individual Financial Serv. Co.,* 759 F.Supp. 764, 769 (D.Kan. 1991) (citation omitted). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir.1969); *see LeaseAmerica Corp. v. Eckel,* 710 F.2d 1470, 1474 (10th Cir.1983). The party opposing the amendment has the burden of show-

ing prejudice. *See Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977).

■ Here, Mercury has failed to meet its burden of showing sufficient prejudice for denial of Sithon's request to amend. Mercury claims that it may need to re-depose some witnesses, including witnesses in Greece, if Sithon is allowed to add its new fraud claim. Mercury has not specifically noted, however, which witnesses, if any, will need to be re-deposed as a result of Sithon's new fraud claim. Mercury also claims that it will incur the additional expense of filing another summary judgment motion but fails to show that such a motion will be necessary or appropriate. Mercury has not argued that the proposed amendment is futile. Accordingly, the court will not deny Sithon's motion to amend on the possibility that summary judgment may be appropriate at some later stage in the case. In light of the principles of rule 15(a), the lack of prejudice to Mercury within the meaning of rule 15(a), and the court's desire to have Sithon's fraud claims resolved on the merits, leave to amend under rule 15 is appropriate.

■ Mercury's primary argument in opposition to Sithon's motion is that Sithon failed to comply with the January 2, 1997 deadline for amending pleadings set forth in the Scheduling Order. In such circumstances, rule 16(b) of the Federal Rules of Civil Procedure requires Sithon to show "good cause" why the deadline should be extended. *See Denmon v. Runyon,* 151 F.R.D. 404, 407 (D.Kan.1993) (because plaintiff's motion for leave to amend was untimely under scheduling order, court must not only determine if Rule 15(a) standards have been satisfied, but also must determine if "good cause" has been shown within the meaning of Rule 16(b)); *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir.1990). To establish good cause, Sithon must show that the Scheduling Order's deadline "could not have been met with diligence." *Denmon,* 151 F.R.D. at 407. Sithon has made such a

---

**2.** On December 24, 1997, Sithon filed a motion for sanctions against Mercury with respect to certain evidence Mercury allegedly withheld from Sithon in discovery. None of the evidence allegedly withheld, however, implicates the court's rulings on counts II, V, and IX of plaintiff's complaint.

showing. In particular, despite general discovery requests in 1996, specific informal discovery requests on October 16, 1996, as well as Mercury's Rule 26(a) disclosures, Sithon did not have knowledge of the factual basis for its new fraud claims until after the January 2, 1997 deadline set forth in the Scheduling Order. Mercury fails to show how Sithon could have reasonably discovered the factual basis for its new fraud claims prior to the Scheduling Order deadline.

IT IS THEREFORE ORDERED that plaintiff Sithon Maritime Company's motion for reconsideration of the court's October 22, 1997 Memorandum and Order (Doc. # 174) is denied.

IT IS FURTHER ORDERED that plaintiff Sithon Maritime Company's motion for leave to file an amended complaint (Doc. # 176) is granted. The clerk is directed to file the proposed amended complaint attached to plaintiff's supplemental memorandum in support of its motion for leave to file an amended complaint (Doc. # 179).