MOMSWIN, LLC, et al., Plaintiffs,

v.

Joey LUTES, et al., Defendants.

No. CIV.A. 02–2195–KHV.

United States District Court,
D. Kansas.

Dec. 18, 2002.

J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, KS, for plaintiffs.

D.A.N. Chase, James J. Kernell, Chase Law Firm, LC, Overland Park, KS, Christopher A. Bowers, Kansas City, MO, Tarak Devkota, Bowers & Devkota, Kansas City, MO, for defendants.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Defendants' Motion to Amend the Pleadings and Motion to Join Counterclaim Defendants (doc. 31). For the reasons set forth below,

the motion will be granted in part and denied in part.

## I. Background Information

Plaintiffs bring this action for declaratory and injunctive relief against Defendants in connection with the development of a website for the use of Plaintiff MomsWIN ("First Website"). Plaintiffs seek a declaratory judgment that MomsWIN and Defendant Todd Gordanier are joint authors of the copyright to the First Website, that the information Plaintiffs provided to Defendants during the development of the First Website is trade secret information of Plaintiffs, and that the Kansas Trade Secrets Act and an agreement between the parties prohibit Defendants from communicating the trade secret information to third parties. Plaintiffs also seek an accounting of all revenue generated from the First Website. In addition, Plaintiffs seek damages against Defendants for alleged violations of the Kansas Trade Secrets Act and Kansas Consumer Protection Act.

In their First Amended Answer, Defendants counterclaimed against Plaintiffs for copyright infringement of a second website for MomsWIN ("MomsWIN Website") and still another website ("Family1st" Website), and for breach of contract and tortious interference. Plaintiffs filed a motion to dismiss the Amended Counterclaims for failure to state a claim. On September 4, 2002, the Court granted the motion to dismiss, finding that Defendants had failed to timely file their response to the motion.[1] The Court dismissed without prejudice all of Defendants' Amended Counterclaims.[2]

Defendants received the Court's Order dismissing their Amended Counterclaims on September 6, 2002, which was also the deadline for filing any motions to amend or to add parties.[3] Defendants filed the instant motion to amend and join parties on September 18, 2002. Defendants indicate that it is a "con-

---

**1.** *See* doc. 28. The Court also noted that in the response Defendants ultimately did file, they argued that they could cure the alleged defects in their counterclaims by amending their counterclaims; however, they failed to submit their proposed, revised counterclaims to the Court.

**2.** *See id.*

**3.** *See* Scheduling Order (doc. 22), ¶ III.a.

sent motion," *i.e.,* one to which Plaintiffs have consented.

## II. The Proposed Amendments

### A. Counterclaims Against Plaintiffs

Defendants seek leave to amend to assert counterclaims against Plaintiffs in the following respects: First, they seek leave to assert four counterclaims for copyright infringement (proposed First, Second, Third & Fourth Amended Counterclaims) relating to the MomsWIN and Family1st Websites. The four counterclaims expand on the single copyright infringement counterclaim that was asserted in the First Amended Counterclaims and which was dismissed by the Court on September 4. Second, Defendants seek leave to amend to assert a breach of contract claim against Plaintiffs (proposed Fifth Counterclaim) for breach of the MomsWIN Development Agreement. This claim is apparently a re-assertion of the earlier contract counterclaim, and Plaintiffs do no oppose amendment to re-assert this claim. Third, Defendants seek leave to amend to assert a new counterclaim for breach of an additional contract, the Family1st Agreement (proposed Sixth Counterclaim). Defendants do not seek leave to amend to re-assert the tortious interference counterclaims that were part of their First Amended Counterclaims.

### B. Counterclaims Against New Parties

In addition, Defendants request leave to join three new parties and to assert against them the same four counterclaims for copyright infringement that they seek to assert against Plaintiffs. Defendants also seek leave to assert two counterclaims for tortious interference against these new parties. The proposed new parties are Insite Technologies, LLC ("Insite") and its alleged co-owners, Dana Hern and Danny Jung. While Plaintiffs do not confirm that Hern is a co-owner of Insite, they do state that she is the Project and Account Manager for Insite.

### C. Amendment of the Answer

Finally, Defendants seek leave to make four changes to their First Amended Answer.

## III. Summary of Plaintiffs' Opposition

Plaintiffs oppose Defendants' motion on numerous grounds. First, Plaintiffs assert that they never consented to the motion. Second, Plaintiffs argue that the motion to amend is untimely as to the three new parties Defendants wish to join and that Defendants had information sufficient to seek joinder of these three parties several months before the amendment deadline. Third, Defendants argue that they will be prejudiced if Defendants are allowed to join these new parties at this stage in the lawsuit. Fourth, Plaintiffs oppose Defendants' bifurcation of the single copyright claim into four claims. Finally, Plaintiffs object to Defendants' request to amend the answer as untimely and unnecessary.

## IV. Standard for Ruling on a Motion to Amend

■ Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[4] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[5] Leave to amend, however, is to be "freely given when justice so requires," [6] and the Supreme Court has emphasized that "this mandate is to be heeded." [7] The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[8]

■ Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amend-

---

**4.** Fed.R.Civ.P. 15(a).

**5.** *Id.*

**6.** *Id.*

**7.** *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

**8.** *Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991).

ment." [9]  "The court may also refuse leave to amend where the movant has delayed in bringing the motion to amend, particularly when the movant provides no adequate explanation for the delay." [10]  In addition, the court may deny leave to amend if the movant knew or should have known of the facts upon which the proposed amendment is based but failed to include the allegations in its original pleading.[11]

## V.  Analysis

### A.  Did Plaintiffs Consent to the Motion?

Plaintiffs assert that they never consented to the motion, but only agreed to review Defendants' proposed amendments to determine whether they might consent to them. They state that Defendants never provided the proposed amendments to them prior to their filing of the instant motion, and, thus, they never consented to the amendments. Defendants disagree, asserting that "[c]ounsel for plaintiffs unequivocally consented to defendants' motion to leave to file out of time." [12]

Based on the information before it, the Court is unable to determine whether Plaintiffs did in fact consent to the amendments. Defendants, as the parties seeking to amend, have the burden to show that consent was obtained.  Defendants have not met their burden, and, thus, the Court cannot find that Plaintiffs consented to the motion.  The Court will therefore proceed to address the merits of Plaintiffs' opposition.

### B.  Is the Motion Untimely as to the New Parties and Did Defendants Have Prior Knowledge of the Facts Relating to the Proposed Claims Against the New Parties?

Plaintiffs argue that the motion to amend is untimely as to the three new parties De-

fendants wish to join.  As noted above, the motion to join was not filed until September 18, 2002, almost two weeks after the September 6 deadline for filing motions to amend.

Plaintiffs contend that Defendants knew the names and the involvement of the parties that they now seek to join for more than three months prior to the amendment deadline.  Plaintiffs assert that this information was confirmed in Plaintiff's initial Rule 26(a)(1) disclosures.  Plaintiffs state that they mailed their disclosures on August 26, 2002, which is confirmed by Plaintiff's Notice of Service (doc. 27).  Those disclosures contained the names of the three parties Defendants now seek to join, with the notation that those parties were "believed to have knowledge regarding the development of plaintiffs' new [MomsWIN] website." [13]

Plaintiffs also assert that Defendants had prior knowledge of the facts underlying their proposed counterclaims against these three new parties because Defendants produced in connection with their initial disclosures (which were served several weeks prior to the amendment deadline) documents that Defendants claim constitute evidence of copyright infringement by Plaintiffs and/or the three new parties.

In addition, Plaintiffs submit the affidavit of Dana Hern, one of the three proposed counterclaimants and the alleged co-owner and the Project and Account Manager of proposed counterclaimant Insite.  Hern's affidavit indicates that she was contacted by Defendant Joel Lutes in late May and June of 2002 regarding the MomsWIN and Family1st Websites.  According to Hern, Lutes stated in one conversation that a former business manager of Plaintiff Ariana Reed–Hager had informed him that Insite had developed the MomsWIN and Family1st Websites and that this person had told him to call her to discuss her and Insite's role in the development of those new websites.  Hern's affi-

---

**9.** *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

**10.** *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494–95 (10th Cir.1995).

**11.** *Steinert v. Winn Group, Inc.,* 190 F.R.D. 680, 684 (D.Kan.2000) (citing *State Distrib., Inc. v.*

*Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir.1984)).

**12.** Defs. Reply, doc. 38 at p. 1.

**13.** Doc. 33 at p. 3.

davit also indicates that Defendants' counsel contacted her twice in early August of 2002 to discuss Insite's role in the development of these websites.

In response, Defendants assert that Hern provided little useful information when they contacted her. Furthermore, they claim that they did not receive Plaintiffs' initial disclosures until September 4, 2002 (eleven days after they were mailed), and that they did not learn of all of the facts necessary to join Insite and its alleged co-owners Hern and Jung, until they received those disclosures. They thus argue that their filing of the instant motion to join on September 18, 2002 should be deemed timely, even though filed after the Scheduling Order deadline. Defendants also argue that because they did not receive the Court's ruling on the Motion to Dismiss until the very same day as the amendment deadline, they "had no time ... to add additional parties." [14] Defendants do not address Plaintiffs' claim that prior to the amendment deadline Defendants disclosed documents to Plaintiffs that Defendants allege show copyright infringement by Plaintiffs and/or Insite, Hern, and Jung.

■ When a motion to amend or join parties is filed after the Scheduling Order deadline, as here, the moving party must show good cause for allowing the amendment out of time. [15] To establish good cause, the moving party must show that the deadline "could not have been met with diligence." [16]

■ The Court cannot find that Defendants have met this standard. While it is unclear when Defendants received Plaintiff's initial disclosures, it is clear that Defendants had some knowledge as early as June 2002 that led them to suspect that Insite and its owners had engaged in some of the acts forming the basis of their proposed counterclaims. While the Court cannot ascertain the exact extent of that knowledge, Defendants had enough knowledge to warrant a more thorough investigation that would have allowed them to meet the September 6, 2002

amendment deadline. Moreover, the fact that on September 4 the Court dismissed the First Amended Counterclaims against *Plaintiffs* has no bearing on whether Defendants could have asserted claims against *these three new parties* by September 6. In short, Defendants have failed to show that the September 6 amendment deadline could not have been met if they had acted "with diligence."

In light of the above, the Court will deny Defendants leave to join Insite, Dana Hern, and Danny Jung as counterclaim defendants.

### C. Should Defendants Be Allowed to Assert Four Separate Claims Against Plaintiffs for Copyright Infringement?

■ As noted above, Defendants seek leave to assert four counterclaims for copyright infringement against Plaintiffs (the proposed First, Second, Third, and Fourth Amended Counterclaims). The proposed First and Second Amended Counterclaims allege copyright infringement of the MomsWIN layout and the MomsWIN source code, respectively. The proposed Third and Fourth Amended Counterclaims allege copyright infringement of the Family1st layout and the Family1st source code, respectively. Defendants contend they have merely "clarified" their previous infringement claim, apparently to cure the alleged defects that Plaintiffs raised in their Motion to Dismiss.

Plaintiffs do not *per se* oppose Defendants' request for leave to assert counterclaims for copyright violations; however, they do object to Defendants bifurcating the claims into four separate counts. Plaintiffs contend that Defendants are not permitted to split one copyright registration into more than one claim. In other words, Plaintiffs contend that only one claim may be asserted for the alleged copyright violation of the MomsWIN Website (addressing both the layout and source code). Similarly, they argue that only one claim may be asserted for the alleged copyright violation of the Family1st Website

---

**14.** Mem. in Supp. of Motion to Amend at p. 2, attached to doc. 31.

**15.** *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir.1990).

**16.** *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993).

(addressing both the layout and source code). Plaintiffs argue that this "one claim per registration" rule is significant because it determines the number of causes of action upon which Defendants may recover statutory damages. Defendants respond that the layout and source code are separate works, even though only registered in a single form. They argue that multiple copyright infringement claims are allowed for only one registration. Plaintiffs and Defendants cite a number of cases and regulations in support of their respective positions.

The Court does not find that this issue is properly resolved in the context of a motion to amend. Although "futility" may be grounds for denying a motion for leave to amend, the instant issue relates to the damages Defendants may recover on their infringement counterclaims rather than the alleged futility of those claims. The undersigned Magistrate Judge believes that this issue is best resolved by the District Judge, who will be trying this case. Defendants will therefore be granted leave to assert these four separate copyright infringement claims against Plaintiffs.

### D. Should Defendants Be Granted Leave to Assert a Counterclaim Against Plaintiffs for Breach of the Family1st Agreement?

■ In their proposed Sixth Counterclaim, Defendants assert a claim against Plaintiffs for breach of the Family1st Agreement. This is a new counterclaim that was not asserted in either the initial or First Amended Counterclaims. Defendants do not explain why they did not assert this claim earlier or why they could not have met the deadline for filing motions to amend with respect to this claim. Certainly, there has been no showing that the deadline "could not have been met with diligence." [17] The Court therefore finds that Defendants have failed to show that good cause exists for allowing this amendment out of time.

17. As noted in Part V.B, *supra*, when a motion to amend is filed after the Scheduling Order deadline, the moving party must establish that the

### E. Should Defendants Be Granted Leave to Assert a Counterclaim Against Plaintiffs for Breach of the MomsWIN Agreement?

Plaintiffs do not oppose Defendants' request to assert a claim for Breach of the MomsWIN Agreement (the proposed Fifth Counterclaim). The Court will therefore grant Defendants' motion to amend with respect to this counterclaim.

### F. Should Defendants Be Allowed to Amend the First Amended Answer?

■ Defendants seek leave to make four changes to the First Amended Answer. Given that these are not significant changes, the Court could allow them. Defendants, however, make no attempt to explain why they could not have moved for leave to amend to make these changes prior to the Scheduling Order deadline. The Court will therefore deny the request to amend the First Amended Answer.

### VI. Conclusion

In light of the foregoing, the Court will grant in part Defendants' Motion to Amend the Pleadings and Motion to Join Counterclaim Defendants (doc. 31). Defendants are granted leave to file a pleading entitled "Second Amended Answer and Counterclaims" that asserts the four proposed counterclaims against Plaintiffs for copyright infringement of the MomsWIN layout, MomsWIN source code, Family1st layout, and Family1st source code (proposed Second Amended First, Second, Third and Fourth Counterclaims). The Court will also grant Defendants leave to file a Second Amended Answer and Counterclaims that asserts a counterclaim against Plaintiff for breach of the MomsWIN Agreement (proposed Second Amended Fifth Counterclaim). The Court will also grant Defendants leave to include all proposed allegations relating to jurisdiction, venue, and the parties, which pertain to these counterclaims. The Motion to Amend the Pleadings and Motion to Join Counterclaim Defendants is denied in all other respects.

deadline "could not have been met with diligence." *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993).

**IT IS THEREFORE ORDERED** that the Motion to Amend the Pleadings and Motion to Join Counterclaim Defendants (doc. 31) is granted in part and denied part, as set forth herein.

**IT IS FURTHER ORDERED** that Defendants shall revise their Second Amended Answer and Counterclaims to conform with this Order, and, within *ten (10) days* from the date of filing of this Order, Defendants shall serve and file said pleading. Plaintiffs shall plead in response to the counterclaims contained therein within *ten (10) days* after service of said pleading.

**IT IS SO ORDERED.**