**James H. LITTLE, Plaintiff,**

v.

**REED–PRENTICE DIVISION OF PACKAGE MACHINERY CO., Defendant.**

**Civ. A. No. 87–2426–O.**

United States District Court, D. Kansas.

June 25, 1990.

Paul L. Redfearn, Daniel R. Brown, Redfearn and Brown, P.C., Kansas City, Mo., and Mark Parkinson, Fairway, Kan., for plaintiff.

Frank Saunders, Jr. and Kip Kubin, Wallace, Saunders, Austin, Brown, & Enochs, Chartered, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on plaintiff's motion for leave to amend the complaint. Plaintiff James H. Little (hereinafter "Little") seeks to add a claim for punitive damages. Little lost his fingers and part of the thumb on his left hand as a result of the allegedly defective and unreasonably dangerous condition of a molding machine designed, manufactured, and sold by defendant Reed–Prentice Division of Package Machinery Company (hereinafter "Reed-Prentice"). Reed–Prentice argues that Little has not made a sufficient showing to obtain leave to add the aforementioned claim. For the reasons stated below, we will grant plaintiff's motion for leave to amend the complaint.

The question of whether there is sufficient evidence to justify an award of punitive damages is a question of law. *Miller v. Cudahy*, 858 F.2d 1449, 1457 (10th Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989). In a diversity case, the circumstances under which a plaintiff may request such damages are governed by state law. *Id.* The law of Kansas permits an award of punitive damages "when the elements of fraud, malice, gross negligence or oppression accompany the wrongful act." *Miller v. Cudahy Co.*, 592 F.Supp. 976, 1006 (D.Kan.1984) (quoting *Kline v. Multi–Media Cablevision, Inc.*, 233 Kan. 988, 989, 666 P.2d 711, 713 (1983)).

A jury may award punitive damages if the conduct of defendant was in reckless disregard or complete indifference to probable consequences of its actions. *Johnson v. Colt Indus. Operating Corp.*, 609 F.Supp. 776, 783 (D.Kan.1985), *aff'd*, 797 F.2d 1530 (10th Cir.1986). Such damages are awarded to punish the wrongdoer for its malicious, vindictive, willful or wanton invasion of the injured person's rights. *Bearden v. John Hancock Mut. Life Ins. Co.*, 708 F.Supp. 1196, 1197 (D.Kan.1987) (citing *Johnson v. Geer Real Estate Co.*,

239 Kan. 324, 328, 720 P.2d 660, 663–64 (1986)). They also serve as an example "to restrain and deter others from the commission of like wrongs." *O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1446 (10th Cir.1987) (quoting *Cantrell v. Amarillo Hardware Co.*, 226 Kan. 681, 686, 602 P.2d 1326, 1331 (1979)), *cert. denied*, 486 U.S. 1032, 108 S.Ct. 2014, 100 L.Ed.2d 601 (1988).

Little contends that Reed–Prentice was aware that for a variety of reasons limit switches in the rear gate area could fail, and that the switches' failures would subject the operators of defendant's machinery to risks of injury. Plaintiff has presented a list of twenty-four accidents involving the rear guards of machinery in which operators suffered disabling crush injuries to their hands and arms.

Little has also submitted the proposed 1973 ANSI standard which recommends a triple safety system on the rear gate of horizontal injection molding machines. Molding machine manufacturers nonetheless refused to adopt the proposal. Reed–Prentice counters that numerous industry standards are rejected for various reasons, including feasibility and economic alternatives, and that such rejection of a proposed standard does not constitute any willful or wanton invasion, or reckless indifference to the rights of others.

Defendant Reed–Prentice suggests Little must establish, pursuant to K.S.A. (1988 Supp.) 60–3703, a probability that he will prevail on his claim, before he can amend the complaint to include a claim for punitive damages. This provision is undoubtedly a state pleading procedure. *Witkowski v. Freightways*, 1990 WL 11383, 1 (D.Kan. Jan. 17, 1990); *Jones v. Martin, et al.*, 1989 WL 84484, 2 (D.Kan. July 25, 1989). Rules regarding the special requirements for pleading certain matters are governed by the federal rules and not the practice of the state courts. *See Jones v. Martin, et al.*, 1989 WL 84484 at 2 (quoting *Matter of Johns–Manville/Asbestosis Cases*, 511 F.Supp. 1229, 1231 (N.D.Ill.

1981)) (matters of pleading in diversity cases (as distinct from substantive requirements of proof) are governed by the Federal Rules of Civil Procedure). This court is therefore not bound to follow the Kansas statute.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Although the granting of such a motion is within the discretion of the court, the United States Supreme Court has indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment. *Id.*

In the absence of a specific factor such as flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend. *Dunn v. Kaaz Holding Co.*, No. 83–2375, slip op. at 2–3 (D.Kan. July 2, 1985). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir.1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir.1977).

While Reed–Prentice argues that there is insufficient time to conduct further discovery, defendant does not even allude to any *specific* way in which it will suffer any undue prejudice or difficulty in defending the lawsuit if the court permits the amendment.[1] Defendant was informed by

---

1. Reed–Prentice has not suggested that amend-

ment of the complaint would require defendant

Little's counsel on November 3, 1989, that plaintiff may attempt to add a claim for punitive damages. The amendment for punitive damages would not inject a host of new issues or theories requiring substantial additional evidence. Further, there is no indication that counsel for plaintiff has acted in bad faith or with any dilatory motive. This is Little's first request to amend the complaint. We are convinced that granting plaintiff's motion would serve the interests of justice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file an amended complaint by adding a claim for punitive damages is hereby granted.

to request production of documents, take depositions or serve interrogatories upon any particular person. Reed–Prentice has furthermore failed to identify the subject matter of any additional discovery it would need as a result of the amendment.