Fred W. PHELPS, Sr., Plaintiff,

v.

Joan HAMILTON, in her official capacity as District Attorney, et al., Defendants.

No. 93–4042–KHV.

United States District Court, D. Kansas.

April 16, 1996.

490

Elizabeth M. Phelps, Jonathan B. Phelps, Phelps–Chartered, Margie J. Phelps, Topeka, KS, for Plaintiff.

Deanne W. Hay, Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Sharon K. Euler, Office of City Attorney, Kansas City, MO, Carol R. Bonebrake, Perry, KS for Defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

The Court now considers *Plaintiff's Motion For Leave To File and Proceed on First Amended Complaint* (Doc. # 85), filed January 16, 1996. For the reasons stated in this memorandum and order, plaintiff's motion for leave to amend is denied.

Rule 15(a) of the Federal Rules of Civil procedure governs the amendment of pleadings. Because of the advanced stage of the litigation in the instant case, the second sentence of Rule 15(a) applies, which contemplates that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In his motion for leave to amend, plaintiff asserts that during his lengthy tour of the federal court system, "the nature and details of the case have changed to such a degree that a new pleading is necessary and appropriate." In support, he cites a number of occurrences that have transpired since the filing of his original complaint: the Tenth Circuit has reversed several of the district court findings; the underlying criminal cases against plaintiff have been dismissed and cannot be refiled due to the statute of limitations; the Kansas legislature has enacted a new criminal defamation statute; and unspecified "additional evidence" has come to light concerning defendant's actions.

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Thus, motions to amend are matters of discretion for the trial court. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir., 1991). Even though the decision is ultimately discretionary, the Tenth Circuit has offered guidance by listing factors for courts to consider. In *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993) the court suggested that a trial court's refusal to grant leave to amend should normally be justified on such factors as futility of the amendment, a showing of undue delay, undue prejudice to the non-moving party, or bad faith of the moving party. The Court will analyze each of these factors separately.

### Futility

A court may properly deny leave to amend if amendment would prove futile. Futility might warrant denial of leave to amend if the amended complaint would be subject to dismissal. *See Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th Cir.1980).

In her response to plaintiff's motion to amend, defendant expends most of her energies arguing that plaintiff's new claim would be an exercise in futility, in that it would be subject to dismissal for lack of a "case or controversy." Plaintiff does not argue that the new defamation statute is unconstitutional on its face and, because he has not yet been charged with a violation, defendant claims that he cannot challenge the statute as applied. Thus, argues defendant,

there is no case or controversy from which the Court can properly determine the constitutionality of the statute. On a related note, defendant argues that amendment would be futile because the case is not ripe for adjudication. Because plaintiff has not been prosecuted under the new criminal defamation statute, plaintiff may only claim the threat of future improper prosecution—a contingency that may or may not occur. Until it does occur, argues defendant, the Court cannot know the particular facts of the case and would be unable to render a decision as to the constitutionality of the statute. Moreover, defendant argues that any relief the Court might grant plaintiff would be of little practical use; he would not be able to escape all application of the amended defamation statute merely by invoking the First Amendment.

Finally, defendant argues that amendment would be futile in that plaintiff lacks standing to challenge the new criminal defamation statute: the fact that plaintiff may have been improperly prosecuted in the past (under another statute) does not constitute an actual injury, which is a requirement for Article III standing. Moreover, citing *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), defendant observes that it is a matter of conjecture whether plaintiff will ever be prosecuted again, under the new law; and that there is not "sufficient immediacy and reality" to constitute an actual case or controversy.

The Court notes that the proposed amendments recharacterize the nature of plaintiff's claim as an attack on defendant's prosecutorial policy. Plaintiff does not now challenge past prosecutions, but seeks to use past prosecutions as evidence that defendant is predisposed to prosecute him unfairly. This posture completely recharacterizes, however, the essence of plaintiff's case. This recharacterization also raises the difficult issue of fashioning appropriate relief for plaintiff, should he eventually prevail.

The Court does not necessarily conclude that plaintiff's proposed amendment is futile because his claims are legally insufficient as a matter of law, although that conclusion may indeed be the correct one. The point is that plaintiff has taken off in a totally new direction. The purported amendments go beyond "supplementation"; they lead us in an entirely new direction which, as the Court notes below, is substantially prejudicial to the opposing party.

### Prejudice To Opposing Party

■ Absent a specific finding of flagrant abuse, bad faith, or futility, the determining factor in evaluating a motion to amend should be the prejudice to the opposing party. *See Little v. Reed–Prentice Div. of Package Machinery*, 131 F.R.D. 591, 593 (D.Kan. 1990). The party opposing amendment has the burden to show some specific way in which it will be prejudiced. *Id.* The court in *Little* noted as possible forms of prejudice the injection of a host of new issues or theories requiring substantial additional evidence. *Id.* at 594.

This case was filed on February 26, 1993, and (after a trip to the Tenth Circuit) discovery closed on March 30, 1996. The Court conducted a pretrial conference on April 1, 1996, and the pretrial order assumes that the tendered amendment has been rejected. The case is set for trial on July 23, 1996. Plaintiff did not seek leave to amend until January 16, 1996, just six weeks before the close of discovery. To allow amendment at that late date, or at this late date, would be inherently prejudicial to defendant and to the orderly administration of justice. The case in effect would start anew and each side would require an opportunity for additional discovery. Thus, prejudice is a significant factor in denying leave to amend.

### Delay

■ "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995). No finding of prejudice to the opposing party is required. *See Woolsey*, 934 F.2d at 1462.

The Tenth Circuit delivered its decision in this case on July 11, 1995, but plaintiff did not seek leave to amend until January 16,

1996. Plaintiff offers no justification for the six-month delay. While plaintiff argues that unspecified "additional evidence" has come to light, thus necessitating amendment, he does not intimate what this new evidence is or suggest why he could not have obtained it in a more timely fashion. Similarly, plaintiff offers no evidence that the prosecutorial policy he seeks to challenge is a new one, or that he was unaware of it at the time he filed his original complaint.

█ The Tenth Circuit has held that a court may properly refuse leave to amend if a party knows or should have known of the facts upon which the proposed amendment is based but does not include these facts in the original motion. *State Distributors, Inc. v. Glenmore Distilleries,* 738 F.2d 405, 416 (10th Cir., 1984).

### Bad Faith

To circumvent the arguable difficulties with standing and the absence of a case or controversy discussed above, plaintiff's amended complaint recharacterizes the nature of the claim as a challenge against defendant's prosecutorial policy. This revision inexplicably changes the fundamental nature of the case. Plaintiff's motion tenders no explanation for the fundamental nature of the revision, at this late date. Presumably, plaintiff knew of the alleged persecution and prosecution when he filed his original complaint; if not, plaintiff offers no evidence that shows why he was not aware of them earlier or when he first learned of the new basis for suit. Without holding that plaintiff is acting in bad faith, the Court finds that his motives are called into question by his failure to explain the legal and factual basis for the proposed amendments; by his failure to articulate the so-called newly discovered evidence; and by his unexplained delay in seeking leave to amend. The Court is well aware of the long-standing animosity between the parties, both public figures in their own rights, and it has reason to question whether this lawsuit (and others) have become a way of life for them. In the Court's view, this case has reached the point whether the pleadings must be closed. If plaintiff has a good faith and legitimate grievance based on newly discovered evidence, he is free to seek relief in another forum.

### Conclusion

Without necessarily deciding that the proposed amendment is futile, the Court concludes that leave to amend should be denied due to plaintiff's delay in seeking amendment, the prejudice necessarily flowing therefrom, and plaintiff's debatable motives in seeking late leave to amend. Plaintiff may challenge future prosecutions under the 1995 criminal defamation statute by filing a new complaint, but not by reworking the original complaint in this case.

**IT IS SO ORDERED.**