Lawrence J. STEINERT, Plaintiff,

v.

THE WINN GROUP, INC. and James
G. Winn, Defendants.

No. Civ.A. 98–2564–CM.

United States District Court,
D. Kansas,
Kansas City Division.

Jan. 3, 2000.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for plaintiff.

J. Nick Badgerow, Jeannie M. DeVeney, Spencer, Fane, Britt & Browne, Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the Court is plaintiff's Motion for Leave to Amend (Doc. 64) filed October 22, 1999. The Court considers this matter ready for ruling, as the time in which plaintiff could have filed a reply has now passed without comment from plaintiff.[1] In his motion, plaintiff requests the Court for leave to amend his complaint by adding four new causes of action against the current defendants: (1) conspiracy to violate the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. (Count X); (2) FLSA retaliation, 29 U.S.C. § 215(a)(3) (Count X); (3) violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 (Count XII); and (4) conspiracy to engage in malicious prosecution (Count XIII). Additionally, plaintiff seeks to add the following three defendants to the action: (1) Michael L. Scruggs; (2) Scruggs Management Services, Inc. d/b/a Scruggs Consulting; and (3) Scruggs Actuarial Services, Inc. (the "proposed new defendants"). Finally, plaintiff seeks to assert ten causes of action against the proposed new defendants, including: (1) conspiracy to violate the Texas Personnel Services Act, Tex.Civ.Stat.Code Ann. § 5221a–7 (Count II); (2) breach of the duty of good faith and fair dealing (Count IV); (3) fraud (Count VII); (4) conspiracy to defraud (Count VIII); (5) 42 U.S.C. § 1985 (Counts IX and XI);[2] (6) conspiracy to violate the FLSA (Count X); (7) FLSA retaliation (Count X); (8) violations of RICO (Count XII); (9) malicious prosecution (Count XIII); and (10) conspiracy to engage in malicious prosecution (Count XIII). Defendants oppose these requests through Defendants' Supplemental Response to Plaintiff's Motion for Leave to Amend (Doc. 73). For the reasons stated in this memorandum and order, plaintiff's motion for leave to amend is denied.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Due to the advanced stage of the litigation, the second portion of Rule 15(a) applies. The second portion of Rule 15(a) provides that a party may amend the pleadings after the time for amending as a matter of course "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In his motion plaintiff asserts several reasons to justify the appropriateness of an amended pleading. Plaintiff explains the proposed new defendants would have been joined in the instant action at its outset but for previously pending Texas litigation in which his client and at least one of the proposed new defendants were involved.[3] Plaintiff states that he was delayed in adding the proposed new defendants and new causes of action to this action due to uncertainty regarding "the extent to which [plaintiff and plaintiff's Texas counsel] intended to litigate

---

**1.** Plaintiff filed his motion on October 22, 1999. Defendants timely filed a response on November 4, 1999. Applying D.Kan. Rule 7.1 and Fed. R.Civ.P. 6(a) & (e), plaintiff's reply was due on November 22, 1999.

**2.** It appears based upon the plaintiff's first amended complaint that the previously alleged 42 U.S.C. § 1983 cause of action, pled as Count IX in plaintiff's original complaint, has been deleted in the proposed first amended complaint.

**3.** It is unclear to the Court, based upon the papers before it, whether all proposed defendants were engaged in the Texas litigation referenced in the parties' papers.

their claims against not only [the proposed new defendants] but present defendants in [Texas]."

To illustrate, plaintiff provides several examples of this uncertainty. At some point during the instant litigation, plaintiff and his Texas counsel sought to join the current defendants in the pending Texas action, but were unsuccessful due to a failure to comply with Texas procedure. Further, plaintiff and his Texas counsel contemplated a suit against the proposed new defendants in Texas, in which they would assert claims similar to those raised in this action. This possibility gave plaintiff's counsel pause as he was concerned that a decision from this Court could detrimentally affect the proposed Texas litigation through the doctrines of issue preclusion and/or res judicata. Finally, plaintiff faltered on the conviction with which he wished to pursue this action. Plaintiff instructed his counsel in this action that he may not wish to maintain the Kansas federal action if the Texas courts issued the requested monetary sanctions against him, thereby foreclosing the economic feasibility of maintaining the Kansas federal suit.

Plaintiff suggests all of these events justify the delayed presentation of his motion. The Court disagrees that this uncertainty, caused by the plaintiff's own choices, justifies the delay in seeking leave to amend.

■ Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Thus, motions to amend are matters of discretion for the trial court. *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991). Although the decision at issue herein is ultimately discretionary, the Supreme Court explained the approach district courts should take when deciding whether to allow a party to amend a pleading:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

> prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Tenth Circuit, construing the Supreme Court's instruction, has provided further guidance to the district courts by suggesting that a trial court's refusal to grant leave to amend should normally be justified on such factors as futility of the amendment, a showing of undue delay, undue prejudice to the non-moving party, or bad faith of the moving party. *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir.1993). The Court will analyze each of these factors separately.

### A. Futility

■ A court may properly deny leave to amend if amendment would prove futile. Futility might warrant denial of leave to amend if the amended complaint would be subject to dismissal. *Mountain View Pharmacy v. Abbott Lab.*, 630 F.2d 1383, 1389 (10th Cir.1980).

■ In their response to the plaintiff's motion to amend, defendants raise two arguments regarding futility. First, defendants assert this Court lacks personal jurisdiction over the proposed new defendants. Here, the district court's exercise of personal jurisdiction must comport with the standards of both the forum state's long-arm statute and the United States Constitution. *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir.1990); Fed.R.Civ.P. 4(e). Defendants argue that because (as pled by plaintiff) all proposed new defendants are citizens of Texas and because plaintiff has failed to plead any facts sufficient to establish the requisite minimum contacts, this Court lacks personal jurisdiction over them. The Court does not conclude that it lacks personal jurisdiction over the proposed new defendants. Insufficient information is presented through the parties' papers for the Court to rest its opinion on this jurisdictional futility argument.

Second, defendants assert that many of the newly proposed claims are subject to dismiss-

al for failure to state a claim upon which relief may be granted. Specifically, defendants claim plaintiff may not maintain a claim under the FLSA against the proposed new defendants because they did not employ plaintiff, a requirement for coverage by the FLSA. 29 U.S.C. §§ 203, 206, 207, 215. Information provided to the Court in the parties' papers is insufficient to allow it to reach a conclusion regarding the employment status of plaintiff.[4] Therefore, the Court does not rest its opinion on the defendants' FLSA futility arguments.

## B. Prejudice to Opposing Party

■■■ Absent a specific finding of flagrant abuse, bad faith, or futility, the determining factor in evaluating a motion to amend should be the prejudice to the opposing party. *Phelps v. Hamilton*, 166 F.R.D. 489, 491 (D.Kan.1996). The party opposing the amendment has the burden to show some specific way in which it will be prejudiced. *Id.* The addition of a host of new issues or theories requiring substantial additional evidence or a change in tactics or theories by a party causing undue difficulty in defending a lawsuit may constitute prejudice in this context. *Id.; Koch v. Koch Industr.*, 127 F.R.D. 206, 209 (D.Kan.1989).

Defendants claim they would be prejudiced by the assertion of a host of new claims against the proposed new defendants and several previously unasserted claims against the current defendants. The Court agrees. Plaintiff seeks to assert four new claims against the current defendants and ten against the proposed new defendants. The addition of these claims and defendants would require the opposing parties to expend additional time and resources and substantially delay the progress of this action.

Each of these new claims would require additional discovery. For example, plaintiff seeks to assert a claim under RICO, 18 U.S.C. §§ 1961 et seq. This claim is a departure from his prior causes of action and consequently would require substantial additional discovery. Discovery in this matter closes December 31, 1999. This additional discovery would necessarily delay the deadlines set in this case, as trial is set for April 4, 2000 and the pretrial conference is scheduled for January 13, 2000. Current defendants should not be made to defend entirely new causes of action, such as the RICO claim, at this advanced stage of the litigation. Such requirement would be prejudicial. *Koch*, 127 F.R.D. at 209–11 (denying leave to amend to include a RICO claim where such claim "represent[ed] a substantial departure from the[] previously represented intentions and encompass[ed] more issues than could have ever been reasonably anticipated from the original complaint" and where such claim would cause substantial delay of the trial of the case).

Defendants further argue that the addition of the proposed claims changes the allegations in the existing claims. Defendants argue they would be prejudiced by the need to file new motions to dismiss or supplement the currently pending motions to dismiss. Defendants' motions to dismiss have been on file for more than eight months due to the numerous extensions granted to plaintiff to respond. The Court agrees that filing new or supplemental motions at this advanced stage of litigation would prejudice defendants.

Accordingly, the Court finds that allowing amendment, involving new defendants and completely new causes of action would prejudice the opposing parties and the orderly administration of justice.

## C. Undue Delay

■■■ It is within the court's discretion to deny leave to amend for untimeliness or undue delay without a showing of prejudice to the other party. *Koch*, 127 F.R.D. at 210. Courts look to the reasons for the delay and the presence of excusable neglect. *Id.*

---

4. Plaintiff does not address within the amended complaint the employment status of plaintiff. Although defendants represent that a county court in the state of Texas issued a declaratory judgment finding that the plaintiff here was never employed by Scruggs Consulting, it is unclear whether the relationship at issue in the Texas case mirrors that at issue here. Additionally, it does not appear the Texas court addressed the relationship between plaintiff and all three proposed new defendants, only that between plaintiff and Scruggs Consulting.

### 1. Untimeliness of plaintiff's motion

"Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995). No finding of a prejudice to the opposing party is required. *Woolsey*, 934 F.2d at 1462.

This case has been on file for more than one full year, as plaintiff's complaint was filed with the Court on December 7, 1998. Plaintiff's original deadline to file a motion for leave to amend the complaint was July 26, 1999. Plaintiff has sought five extensions of time related to this deadline. The Court granted all five requests for extension, placing the final due date of plaintiff's motion for leave to amend on October 22, 1999 at 2:54 p.m. Although plaintiff substantially complied with this specific deadline, plaintiff's motion failed to strictly comply with the explicit timeliness order from this Court and was deficient in several respects.[5]

### 2. Delay in raising claims and adding defendants

■ A court may properly refuse leave to amend if a party knows or should have known of the facts upon which the proposed amendment is based but does not include these facts in the original motion. *State Distrib., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984). Plaintiff was aware of the facts giving rise to all causes of action he wishes to assert against the proposed new defendants. Plaintiff's counsel asserts he was unaware of the potential for a Section 1985(2), Section 1985(3), or a RICO claim until after a review of the

"record in the Texas case he had received from his client after it was concluded." [6] (Pl.'s motion, at p. 6). However, the basic premise for the RICO claim—that the defendants allegedly imposed an obligation upon plaintiff to reimburse a placement fee if the plaintiff worked for the company in which he was placed for less than three years—was a part of his original complaint. (Pl's Complaint, at ¶ 18). Additionally, the basic premise for the Section 1985 claims—that plaintiff was subjected to a lawsuit by the proposed new defendants and that the proposed new defendants conspired with current defendants to deprive plaintiff of his constitutional rights—was also a part of his original complaint. (Pl.'s Complaint, at ¶¶ 22, 23, 74). Plaintiff was well aware of the facts giving rise to the claims he wishes to add through the amended complaint well in advance of his motion. Plaintiff could have raised these claims in his original complaint.

■ Although leave is to be freely granted to assure a party the opportunity to present a claim or defense, equal attention should be given to the proposition that there must be an end to a particular litigation. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994). Because plaintiff knew or should have known long before October 22, 1999 of the facts upon which the proposed amendment is based and knew or should have known that the proposed new defendants were possible defendants, the Court finds his motion seeking leave to amend was unduly delayed.

### D. Bad Faith

■ An amendment adding causes of action will be denied if sought in bad faith.

---

5. Plaintiff failed to timely comply with this Court's Order (Doc. 61) and D.Kan.Rule 7.1 requiring the incorporation of a memorandum in support of any motion. Defendant also failed to comply with D.Kan.Rule 15(a), requiring the filing of an amended pleading with any motion for leave to amend the same. Although plaintiff's motion for leave to amend was filed on October 22, 1999 (albeit eight minutes late) the memorandum required by D.Kan.Rule 7.1 was not filed until three days later on October 25, 1999. Plaintiff misrepresented to the Court that the memorandum accompanied the instant motion for leave to amend. No memorandum accompa-

nied the motion. Further, plaintiff's motion for leave to amend did not immediately comply with Rule 15 which requires the attachment of the proposed amended pleading to be filed with the motion for amendment. Plaintiff failed to file the amended complaint with the motion, instead filing it three days later on October 25, 1999.

6. The Court is unable to determine from the parties' papers when the plaintiff's counsel had access to this record. However, the plaintiff and, therefore, plaintiff's counsel is charged with knowledge of the record upon its creation.

*Koch,* 127 F.R.D. at 211. The movant's bad faith must be apparent from evidence of record. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Koch,* 127 F.R.D. at 211. Although the Court questions the method plaintiff utilized to gain extensions of time within which to file his motion for leave to amend, it does not find such conduct rises to the level of bad faith. Plaintiff represented to this Court and to defendants on five separate occasions the reasons he needed an extension of the original deadline of July 26, 1999 in which to file a motion for leave to amend his complaint.[7] Defendants voluntarily agreed to four of the plaintiff's five requested extensions under the assumption that it was competing professional responsibilities, equipment failures, staffing and docketing difficulties, and the family and personal strife of plaintiff's counsel that caused the need for the extensions. At no time prior to the pending motion did plaintiff mention to the defendants or to this Court that procedural delay in the Texas courts and the indecision of his client necessitated the need for extension. Because the Court finds plaintiff's conduct does not rise to the level of bad faith it does not rest its opinion on this factor.

### Conclusion

The Court does not reach a determination as to the futility of the amendment and concludes that plaintiff did not exhibit bad faith in seeking an amendment. The Court does find, however, that leave to amend should be denied due to the untimeliness of plaintiff's motion to amend, plaintiff's delay in seeking the amendment, and the prejudice amendment would create for the opposing parties. Accordingly, IT IS ORDERED THAT plaintiff's Motion for Leave to Amend (Doc. 64) is denied.

IT IS SO ORDERED.

---

**7.** The Court recognizes the defendants' prayer for relief raised in their responsive motion (Doc. 73). In their motion, defendants request the Court both to withdraw its previous orders granting plaintiff extensions of time within which to seek leave to amend and to deny the instant motion as untimely. The Court denies defendants' requests.