**Gary SIMPSON, Plaintiff,**

v.

**The HOME DEPOT, INC., d/b/a Home Depot, et al., Defendants.**

**No.  00–2285–KHV.**

United States District Court,
D. Kansas.

Nov. 6, 2001.

**644**

Davy C. Walker, Kansas City, KS, Daniel J. Cohen, Bauer & Baebler, P.C., St. Louis, MO, for Gary Simpson.

Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, Lynn W. Hursh, Daniel O. Herrington, Edward R. Spalty, Armstrong Teasdale LLP, Kansas City, MO, for Home Depot, Inc.

John E. Franke, Franke & Schultz, P.C., Kansas City, MO, Daniel S. Bell, Law Offices of Marc Lapp, Overland Park, KS, for Tan US Sales.

Michael B. Lowe, Payne & Jones, Chtd., Overland Park, KS, for Gaylord Container Corp.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint Instanter (doc. 93). Plaintiff seeks leave to amend his Complaint to add a claim for punitive damages against Defendants Home Depot, Inc., d/b/a/ Home Depot, and Home Depot U.S.A., Inc., d/b/a Home Depot (collectively, the "Home Depot Defendants"). Plaintiff also seeks to assert a claim that the Home Depot Defendants acted with willfulness, malice, reckless disregard and/or in conscious indifference for the safety and well being of Plaintiff and others similarly situated.

■ Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings in federal court. It provides, in pertinent part, that after the permissive period "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, and "will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991). The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

The Home Depot Defendants object to Plaintiff's motion because it was filed more than seven months after the deadline for filing motions to amend. *See* Amended Scheduling Order (doc. 43). The Home Depot Defendants contend that Plaintiff unduly delayed in filed the motion and has failed to show good cause for his delay.

■ It is true, as Defendants assert, that when a motion to amend is filed after the Scheduling Order deadline, as here, the moving party must show good cause for allowing the amendment out of time. *SIL–FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir.1990). To establish good cause, the moving party must show that the deadline "could not have been met with diligence." *Denmon v. Runyon,* 151 F.R.D. 404, 407 (D.Kan.1993).

■ Plaintiff contends that he only recently obtained information, through informal

means,[1] which reveals that in the four years preceding Plaintiff's injury, the Home Depot Defendants had recorded more than 600 incidents in which falling merchandise injured Home Depot customers. The Home Depot Defendants do not dispute this statistic. They do, however, argue that Plaintiff has offered no explanation "as to why it took so long for Plaintiff to learn of this alleged information informally." Doc. 109 at 5. The Home Depot Defendants ignore the fact that Plaintiff has been attempting to obtain this information from the Home Depot Defendants through formal discovery since December 15, 2000, when he served his interrogatories, document requests, and requests for admission on the Home Depot Defendants. When no responses were forthcoming, Plaintiff was forced to file motions to compel, which the Court granted. The Court ordered the Home Depot Defendants to respond to the discovery requests by August 12, 2001; however, as of October 4, 2001 (the date Plaintiff filed his motion to amend), the Home Depot Defendants still had not answered Interrogatory No. 3 pertaining to prior incidents and claims involving falling-merchandise injuries in Home Depot stores. Nor had the Home Depot Defendants provided any documents in response to Plaintiff's requests for production.

In light of the above, the Court finds it disingenuous for the Home Depot Defendants to suggest that Plaintiff has been dilatory in seeking leave to amend or that he is somehow at fault for not discovering the 600 incidents of falling merchandise earlier on in the case. The Court holds that Plaintiff has shown good cause justifying his delay in filing the instant motion. The Court will therefore grant Plaintiff's Motion for Leave to File Second Amended Complaint Instanter (doc. 93). Pursuant to D. Kan. Rule 15.1, the Clerk shall detach and file the original Second Amended Complaint, and it shall be deemed filed as of the date this Order is filed. Plaintiff shall serve the Second Amended Complaint on Defendants within **ten (10) days** after the Second Amended Complaint is deemed filed. Plaintiff shall also file a separate certificate of service. Defendants shall plead in response to the Amended Complaint as set forth in D. Kan. Rule 15.1.

IT IS SO ORDERED.

---

1. Plaintiff explains that he obtained this information from a CD–Rom available to members of the Association of Trial Lawyers of America. The CD–Rom contains documents discovered in other falling merchandise cases filed against Home Depot.