**Paul DIPESA, Plaintiff,**

v.

**HOME DEPOT USA, INC., Defendant.**

**Civil Action No. 06–10929–JLA.**

United States District Court,
D. Massachusetts.

Sept. 12, 2007.

**54**

Alan L. Cantor, Jonathan D. Sweet, Swartz & Swartz, Boston, MA, for Plaintiff.

Peter L. Bosse, Boyle Morrissey & Campo, Boston, MA, for Defendant.

## ORDER ON MOTIONS TO COMPEL (2)

(Docket # 10)

JOYCE LONDON ALEXANDER, United States Magistrate Judge.

Pursuant to Fed.R.Civ.P. 26, Plaintiff, Paul Dipesa ("Plaintiff"), moves to compel further answers to interrogatory number 13. In addition, Plaintiff moves to compel the deposition of a Rule 30(b)(6) witness. Granting the latter motion is dependent upon granting the former, hence, the analysis begins and ends with interrogatory number 13.

In interrogatory number 13, Plaintiff requests discovery of prior incidents of falling merchandise for a five-year period for all of Defendant's, Home Depot USA, Inc. ("Home Depot"), retail stores in the United States. In an attempt to narrow the issue, Plaintiff agrees to narrow the scope of his request to incidents of falling lumber merchandise during the same time period. Home Depot agrees to the narrowed request, but only for its stores in Massachusetts. For the reasons set forth below, this Court ALLOWS Plaintiff's motion to compel further answers to interrogatory number 13.

■ This retail premises liability claim stems from a falling merchandise incident at the Home Depot store in Everett, Massachu-setts on November 23, 2004. Plaintiff requests that "the geographic scope of discovery include all U.S. stores because (1) Home Depot directly owns, operates and manages all of its nationwide chain of retail stores; and (2) the safety policies/procedures and incident reporting requirements apply uniformly to all of Home Depot's U.S. stores." Plaintiff avers that Home Depot cannot assert that the requested discovery is unreasonably cumulative or unduly burdensome because of the standardized nature of Home Depot's national retail operations. Home Depot opposes the motion on the basis that Plaintiff's requested scope calls for a largely manual and time-consuming search of voluminous corporate files. The Court agrees that Plaintiff's request is not unreasonably cumulative or unduly burdensome.

Home Depot has all the information and can be expected to produce further answers to interrogatory number 13. The Court gleans the following facts from various filings: Home Depot consists of a nationwide chain of retail stores. Home Depot has direct knowledge of all falling merchandise incidents that occur at any of its stores. To document these incidents, Home Depot has adopted a standardized risk management policy that requires the mailing of information from every store incident to Home Depot's headquarters in Georgia.

Home Depot has asserted in its Opposition to Plaintiff's Motion that the request is unduly burdensome because it involves every Home Depot store in the nation. Even if answering Plaintiff's request in full would cause considerable hardship, Defendant still needs to establish that this hardship would be unduly burdensome and disproportionate to the benefits gained by Plaintiff in having that information. *See Fears v. Wal–Mart Stores, Inc.*, No. CIV.A.99–2515–JWL, 2000 WL 1679418, at *3 (D.Kan. Oct.13, 2000). The fact that the interrogatory seeks information from all stores nationwide does not automatically render it unduly burdensome. *Id.* at *3.

Plaintiff agrees to narrow the scope of discovery to prior incidents of falling lumber merchandise. Even so, Home Depot persists in considering the interrogatory unduly bur-

densome. Home Depot avers that to accurately answer the interrogatory, it must determine whether each lumber department was constructed in the same manner as the one at the Everett store in order to confirm similarity to the prior incident. Though substantial similarity is required at trial to show admissibility, the issue before the Court is discoverability. *Id.* at *2. The fact that the interrogatory is not limited to substantially similar incidents does not render it overly broad on its face. *Id.*

In *Simpson v. Home Depot, Inc.,* 203 F.R.D. 643, 645 (D.Kan.2001), the United States District Court for the District of Kansas ruled that Home Depot has a duty to provide such requested information in all forms of data containing information of prior incidents and claims involving falling merchandise injuries in Home Depot stores, nationwide, within the last four years. Similarly, in the instant case, Plaintiff's requested scope of information is proper; Home Depot should provide Plaintiff with all forms of data containing information of prior incidents of falling lumber merchandise at Home Depot stores nationwide, within the last five years. Accordingly, Plaintiff's motion to compel further answers to interrogatory number 13 is ALLOWED.

■ Concurrently, Plaintiff moves to compel the deposition of a Rule 30(b)(6) witness to testify to prior incidents of falling lumber merchandise at all Home Depot retail stores in the United States for a five-year period. Plaintiff avers that Home Depot has already designated such an agent, Catherine Rice. Home Depot opposes the motion, claiming no combination of persons who consent to testify on Home Depot's behalf can testify to all information on nationwide prior incidents for a five-year period.

Fed.R.Civ.P. 30(b)(6) requires that an "organization ... shall designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf" to "testify as to matters known or reasonably available to the organization." Plaintiff is satisfied in Home Depot's designation of Catherine Rice, that she or someone else may be directed to testify regarding prior incident information which is reason-

ably available through the standardized incident forms. While this Court does not direct who should testify as a 30(b)(6) witness on this subject, it is Home Depot's duty to provide such a witness or witnesses when the subject matter is clearly within the corporation's knowledge and/or control. *See Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.,* 201 F.R.D. 33, 36 (D.Mass.2001). Accordingly, Plaintiff's motion to compel the deposition of a Rule 30(b)(6) witness is ALLOWED.

SO ORDERED.